ALEXIS GARDIPIE *vs.* FRANCIS LESSARD, Appellant.

APPEAL FROM CIRCUIT COURT, CRAWFORD COUNTY.

Heard July 21.]            [Decided August 10, 1859.

*Appeal—Stay of Proceeding—Justice of Peace—Execution.*

Although a party may have entered a stay of execution of a judgment rendered by a justice of the peace, he may afterwards take an appeal to the circuit court; and in such a case the circuit court erred in dismissing the appeal.

The right of appeal conferred by statute, if exercised within the time and in the manner prescribed, is absolute, and is so far favored by the courts, that putting in stay of execution is not a waiver of the right ; nor does it imply that the party does not intend to appeal.

As the party against whom judgment is rendered does not execute the recognizance to stay execution, its execution cannot estop him from taking an appeal from the justice's judgment.

Whether the bail is estopped to deny the existence or legality of the judgment appealed from.   Quere ?

The facts in this case are sufficiently stated in the opinion of the court.

*Knowlton & Thames*, for the respondents.

*D. H. Johnson*, for the appellant.

*By the Court*, Dixon, C. J.   The plaintiff commenced his action, and on the 24th day of March, 1859, obtained a judgment against the defendant, before a justice of the peace of Crawford county.   On the same day Julian Courier, for the purpose of staying execution upon the judgment for the period of two months, pursuant to the provisions of §§ 179 and 181, of chap. 120, of the Revised Statutes, entered into a recognizance in the form prescribed by section 182 of said chapter, which recognizance was duly approved by the justice on the same day.   On the 30th day of March the defendant took an appeal from the judgment to the circuit court of said county.   At the succeeding May term of the circuit court the plaintiff moved to dismiss the appeal for the reason that execution on the judgment rendered before the magistrate had been stayed as above stated.   The circuit court granted the motion and ordered the appeal to be dismissed.   From this order of the circuit court the defendant appealed to this court.

It will be seen that the only question raised, is whether the defendant, by procuring execution to be stayed in the justice's court, thereby waived, or was estopped from exercising his right of appeal.   The right of appeal conferred by the statute, if exercised within the time and in the manner prescribed, is absolute.   It is a right which is favored by the courts ; and we are of opinion that the staying of execution should not be regarded as a waiver of it.   The act of staying execution by no means implies that the party does not intend to

Gardipie vs. Lessard.

appeal. Indeed, cases might arise where the party would resort to the stay for the express purpose of better enabling him to protect himself by appeal. The stay must be perfected within five, the appeal within twenty days. He may desire to consult counsel, or to see witnesses at a distance, or to do some other thing which will consume the whole twenty days, before he will know whether he desires to, or can with safety, take an appeal. He has the whole twenty days for this purpose. But if in the meantime execution were to issue, and the judgment to be collected, his appeal would often be rendered nugatory and fruitless. In New York it was held that the paying or settling a judgment before a justice of the peace, would not prevent the bringing of a *certiorari* to reverse it. *Clark vs. Ostrander*, 1 Cowen R., 437. If payment of a judgment would not preclude a party from proceeding to reverse it, it would seem that the staying of execution ought not to do so.

The defendant is not estopped, for the reason that he did not execute the recognizance. Although executed for his benefit, it is not *his* recognizance. The estoppel created by such an instrument is confined to the persons executing it, and their privies. The plaintiff is not privy to it. It is, of course unnecessary for us to inquire how far Courier would be estopped from denying the existence or legality of the judgment.

The order of the circuit court is reversed with costs.